# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **B.F. and T.F.**

**No. 23-754** (Raleigh County CC-41-2023-JA-33 and CC-41-2023-JA-34)

## MEMORANDUM DECISION

Petitioner Mother T.M.[1] appeals the Circuit Court of Raleigh County's December 1, 2023, order terminating her parental rights to B.F. and T.F.,[2] arguing that the circuit court erred in terminating her post-adjudicatory improvement period. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS began investigating the petitioner in November 2022 after receiving a referral alleging that the petitioner tested positive for marijuana upon her admission to the hospital to give birth to T.F., and T.F.'s cord blood tested positive for marijuana, methamphetamine, and fentanyl. In an effort to preserve the family, the DHS implemented an in-home safety plan that prohibited the petitioner from using drugs and alcohol. During a home visit on March 15, 2023, a Child Protective Services ("CPS") worker observed drug paraphernalia in the home, but the petitioner denied any drug use. The petitioner agreed to drug screen and tested positive for methamphetamine, fentanyl, marijuana, cocaine, and opiates. On March 22, 2023, the DHS filed a petition alleging that the children were abused and neglected due to the petitioner's drug use.

At a hearing in June 2023, the circuit court adjudicated the petitioner as an abusing and neglecting parent based on the petitioner's stipulation that her drug use resulted in the neglect of the children. The circuit court also granted the petitioner a six-month post-adjudicatory

---

[1] The petitioner appears by counsel Stacey L. Fragile. The petitioner's brief was filed in accordance with Rule 10(c)(10)(a) of the West Virginia Rules of Appellate Procedure by former counsel R. Matthew Miles. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine A. Campbell. Counsel Colleen M. Brown-Bailey appears as the children's guardian ad litem.

[2] Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

improvement period and noted that she had been approved for participation in family drug treatment court ("FTC"). In the adjudicatory order, the circuit court explained that successful completion of FTC was incorporated as a term of the petitioner's improvement period. However, in August 2023, the petitioner was dismissed from FTC for nonparticipation. Shortly thereafter, the DHS filed a motion to terminate the petitioner's improvement period.

At a hearing on the DHS's motion in September 2023, the petitioner testified that she completed a seven-day detoxification program and a one-month inpatient drug treatment program in July 2023. However, she admitted that after she left the drug treatment program, she did not participate in services or drug screen as required by FTC or her improvement period. She claimed she did not know what was required of her due to a lack of communication by the FTC coordinator and CPS worker. She asserted that she was scheduled to start parenting and adult life skills classes soon and was "very motivated" to get her children back. The court took a brief recess during which the petitioner left the hearing without explanation and did not return. Despite her absence, the hearing continued with testimony by the CPS worker who stated that the petitioner had not participated in services or drug screened since the improvement period began. Without objections from any party, the DHS proffered a summary of the expected testimony of the FTC coordinator and a service provider, which the court accepted. The witnesses would have testified that they had minimal communication with the petitioner despite repeated efforts to contact her.

At the conclusion of the hearing, the circuit court found that the petitioner failed to participate in her improvement period because she was dismissed from FTC, did not drug screen, and failed to communicate with the DHS. The circuit court further found that the petitioner "exhibited a total disregard for the Court and counsel when [she] left the proceeding prior to its completion." Based on these findings, the circuit court concluded that there was no substantial likelihood she would comply with the terms of her improvement period before its expiration. Thus, the circuit court terminated the petitioner's post-adjudicatory improvement period and set the matter for a dispositional hearing. Nonetheless, in the order terminating the petitioner's improvement period, the circuit court ordered that "[c]ounsel for [the petitioner] has leave to file motions for services if there is a desire to participate in the case going forward."

The dispositional hearing was held in November 2023. The petitioner did not appear but was represented by counsel. As the petitioner assigns no error concerning the dispositional hearing or termination of her parental rights, it is sufficient to note that the circuit court found that there was no reasonable likelihood the conditions of abuse and neglect could be corrected, and the children's best interests required termination of the petitioner's rights. Accordingly, the petitioner's parental rights were terminated.[3] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period prior to its natural

---

[3] The father's parental rights were also terminated. The permanency plan for the children is adoption in their current placement.

expiration. West Virginia Code § 49-4-610(7) requires the circuit court to terminate an improvement period "when the court finds that [the parent] has failed to fully participate in the terms of the improvement period." The petitioner contends that she was actively participating in her improvement period and communicating with service providers. This contention, however, is contradicted by the petitioner's own testimony at the August 2023 hearing where she admitted that she did not participate in services and drug screens or communicate with service providers or the DHS. Moreover, it is undisputed that successful completion of FTC was a term of the petitioner's improvement, but the petitioner was dismissed for nonparticipation. It is also worth noting that the circuit court gave the petitioner an opportunity to file a motion in order to continue receiving services after terminating her improvement period, but she failed to do so. As such, the record is replete with evidence supporting the circuit court's finding that the petitioner failed to fully participate in the terms of her improvement period, and the court did not err in terminating the petitioner's improvement period. *See* Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("[I]t is . . . within the court's discretion to terminate the improvement period before the [allotted] time frame has expired if the court is not satisfied that the [parent] is making the necessary progress."). Accordingly, the petitioner is entitled to no relief.

For the foregoing reasons, the circuit court's December 1, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: November 6, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn